# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STUAR T JOHN GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-228-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks a total of attorney's fees in the amount of $4,047.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees and costs under the EAJA as the prevailing party herein.

On appeal, the Plaintiff asserted arguments related to the ALJ's step-four analysis, including a consultative examination related to his mental impairments. The Commissioner's response asserts that her position was substantially justified because the

arguments made before this Court were plausible and reasonable in fact and law, essentially restating the arguments made in the Response Brief and challenging this Court's findings. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees with the Commissioner's arguments and position. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). The Commissioner's argument is that the ALJ's error was in failing to sufficiently explain his reasoning as to the consultative examiner's opinion. This reasoning ignores and further crystallizes the underlying problem that the ALJ engaged in improper picking and choosing. Furthermore, although the Commissioner may have provided some reasonable *post hoc* bases for the ALJ's findings, the ALJ did not do so in the first instance. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess

whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22] is hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $4,047.00 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 8th day of December, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma